UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MICHAEL WAYNE BLANCHE,<br><br>Movant. | Nos. 2:05-cr-0243 WBS CKD P<br>2:16-cv-1335 WBS CKD<br><br><br>ORDER |

Movant, a federal prisoner proceeding with counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2017, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Movant has filed objections to the findings and recommendations.

In his objections, movant presents two arguments not presented in his original § 2255 motion or his traverse. The first begins on page 12 of his objections under the heading "An Aider and Abettor Need Not Intend The Use Of Violent Force." The second begins on page 15 under the heading "Count 2 Must Be Vacated Because The Jury's Verdict Cannot Support A Conviction Without A Jury Finding Based On An Applicable Instruction That Armed Bank Robbery and

1

Aiding and Abetting Constitute A Crime Of Violence." Counsel for movant does not explain his failure to raise these arguments in his original motion, seek leave to add them or acknowledge to the court that they are new.

These arguments will not be considered as "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 638 (9th Cir.1988) (overruled on other grounds). "[T]he Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." Id.[1]

As for the arguments which were presented to the magistrate judge, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 13, 2017, are adopted in full;

2. Movant's November 7, 2016, amended motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 219) is denied;

3. The court issues the certificate of appealability referenced in 28 U.S.C. § 2253 on the question of whether movant's conviction of armed bank robbery under 18 U.S.C. § 2113(a) and (d) was a conviction of a crime of violence within the meaning of 18 U.S.C. § 924(c); and

---

[1] Movant's argument concerning aiding and abetting was presented to the court by movant's co-defendant Jarvis Marquez Tubbs, ECF No. 231 at 14, and rejected. ECF. No. 249 at 6; ECF No. 253. As applicable to movant, the argument fails for the same reasons.

As for the second argument, movant asserts it was up to the jury to decide whether armed bank robbery amounts to a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). However, as indicated in the magistrate judge's findings and recommendations, bank robbery (not necessarily bank extortion) under 18 U.S.C. § 2113(a) is a "crime of violence" as that term is defined in § 924(c)(3) as a matter of law. When the jury found that movant committed all of the elements of armed bank robbery, the jury implicitly found that movant committed a § 924(c)(3) "crime of violence." See ECF No. 79 at 12.

1 | 4. The Clerk of the Court is directed to close the companion civil case No. 2:16-cv-1335 WBS CKD.

Dated: December 19, 2017

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

blan0243.805vac